EDWARD N. SCRUGGS, Retired Circuit Judge.
The plaintiff sued the defendant upon an account for furniture and other merchandise sold by the plaintiff to the defendant. The circuit court rendered the following judgment for the defendant, and the plaintiff appeals:
The Court, after scheduling this matter and taking the testimony in open Court, finds that on the date of the filing of this suit that Barclift’s Furniture, Inc., a corporation, who is in the general business of selling furniture, did carry on its books a balance due in the amount of NINE HUNDRED TEN AND NO/lOO ($910.00) DOLLARS which was due from the defendant, Blaine Etheredge, to the plaintiff.
The Court further finds from the evidence that on the date the account was declared due and payable, there was a policy of insurance in force and effect, that said policy of insurance was paid for out of the proceeds paid by the defendant to the plaintiff and the purpose of the policy was to cover the account due the plaintiff if the defendant, Blaine Ether-edge, became totally and permanently disabled, while there was an outstanding balance due on the account.
The Court further finds from the evidence that while the account was due the defendant to the plaintiff that he, the defendant, did become totally and permanently disabled and that he communicated such fact to the plaintiff and further, the Court finds from the evidence that the insurance company should have been liable for the outstanding balance due the plaintiff from the defendant.
Based on the foregoing, the Court is of the opinion that the plaintiff has failed to carry the burden of proof and that there is no indebtedness due from the defendant to the plaintiff and that in this matter, Judgment should be entered on behalf of the defendant and the costs taxed to the plaintiff.
It is THEREFORE, ORDERED AND ADJUDGED that Judgment in this matter is rendered on behalf of the defendant and the costs of this proceeding are taxed to the plaintiff, for the collection of which execution may issue.
The insurance company was not a party to this civil action. The fact, if it be a fact, that the insurer was liable to the defendant for the outstanding balance due upon the account, but did not pay it, would not, as such, be a valid reason to prevent the plaintiff from recovery of a judgment against the defendant. Such a judgment would not bar any future litigation between the insured and the insurer upon the policy of insurance.
*1326 Since this case must be reversed and remanded upon this rationale, other issues raised in argument need not be considered by this court.
The foregoing opinion was prepared by retired circuit judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975. His opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.