This is a promissory note case.
The credit union instituted this civil action through a simple promissory note count against the maker, Mr. Shook. The defendant's answer was a denial of the allegations of the complaint. After hearing some testimony upon the issue, the trial court granted a summary judgment in favor of the credit union. The defendant duly appealed and is represented in this court by able counsel. The credit union has not favored this court with a brief.
It was admitted by the defendant that he signed the note and that he has not paid it. He contends that he was physically disabled and that disability insurance should have paid the amount due upon the note. The premiums for the insurance were totally paid by the credit union. The policy was a master policy that covers all loans made by them. That coverage was provided by the management of the credit union to all credit union members without charge to the members. The defendant never filed a proof of loss or a claim against that policy in the nature of a physician's statement regarding his disability and the extent of it. The parties disagree as to their conception of the coverage provisions of the policy of insurance, which was not introduced as evidence before the trial court. It is not disputed between the parties, however, that the defendant was, at least, a third party beneficiary of the insurance policy.
With relation to the disability insurance issue, this matter almost parallels the case of Barclift's of Russellville, Inc.v. Etheredge, 385 So.2d 1324 (Ala.Civ.App. 1980), wherein the following was stated:
 "The insurance company was not a party to this civil action. The fact, if it be a fact, that the insurer was liable to the defendant for the outstanding balance due upon the account, but did not pay it, would not, as such, be a valid reason to prevent the plaintiff from recovery of a judgment against the defendant. Such a judgment would not bar any future litigation between the insured and the insurer upon the policy of insurance."
385 So.2d at 1325.
In actuality, Mr. Shook's dispute is with the insurer as to whether he is disabled to the extent that the policy should pay the balance due upon the note. However, regarding this litigation between the defendant and the credit union, there was no controversy over the note and its non-payment. Accordingly, the trial court correctly granted the credit union's motion for a summary judgment.
We affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur. *Page 1345